ALTA CHRISTMAN, APPELLANT, V. R. HENRY CHRISTMAN, APPELLEE.

FILED MARCH 19, 1926. No.. 25138.

Evidence examined, and *held* sufficient to sustain a decree of divorce.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Reversed, with directions.*

*Gray, Brumbaugh & McNeil,* for appellant.

*John P. Breen* and *Palmer & Palmer, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

Alta Christman, plaintiff, brought this action against R. Henry Christman for divorce upon the ground of extreme cruelty. Defendant made no appearance.

On August 31, 1925, upon the plaintiff's testimony, supplemented by the report of the juvenile court officers, the trial court granted the plaintiff a decree of absolute divorce and approved a property settlement made between the parties by which defendant was to pay plaintiff $700 and turn over to her their household goods. .The defendant complied with the terms of the decree. On October 23, 1925, without notice, the trial court vacated the decree. October 30, 1925, the case came on for further hearing. · Defendant did not appear at this time, but testimony was taken in resistance ʹof the petition by a stranger to the action as *amicus curiæ.* At the conclusion of the trial, upon consideration of the testimony,·the court denied the plaintiff a

Christman v. Christman.

divorce and dismissed the action.  From this judgment the plaintiff has appealed.

A number of interesting questions are argued in the plaintiff's brief, among them the question of the right of a third party to defend in an action of this character.  It seems unnecessary to discuss these questions in the view we have taken of the merits of the case as presented by the record.

It appears that the parties were married at LaCrosse, Wisconsin, in 1912.  Soon thereafter the plaintiff commenced an action for divorce upon the ground of cruelty, but upon promises of the defendant the difficulty was patched up and the action dismissed.  Subsequently the parties moved to Omaha, where they resided about four years prior to the commencement of the present action. The testimony on behalf of the plaintiff tends to show that soon after the parties came to Omaha the defendant commenced a course of cruel conduct toward the plaintiff, first by way of humiliation and indifference, culminating in physical violence.  Without going into an analysis of the evidence, it is sufficient to say that the proof showed a condition which was intolerable and amply sufficient to support a decree of divorce.

Mrs. Helen Joseph appeared as *amicus curiæ* and objected to the granting of a divorce.  Whether a stranger, in the interest of public policy, should be permitted to defend an action of this character we do not decide.  In our conclusion we have considered the testimony, in behalf of the objector, in granting the decree.  The testimony of Mrs. Joseph indicates that she was very much concerned lest her son should marry the plaintiff after the latter obtained her divorce.  Mrs. Joseph testified that she was a divorced woman, 52 years of age; that she made her home with her son, a young man 30 years of age; that she had exacted from her son a promise that he would never marry without her consent and permission, and that she was opposed to his marrying the plaintiff.  She detailed some of her observations which tended to confirm her suspicions

that the young people were becoming much interested in each other and that a marriage might be the result. Many of the incidents which she related were denied by the plaintiff. It was not claimed that the plaintiff was guilty of any immoral conduct or that she was unworthy in any particular. One cannot read the testimony of Mrs. Joseph without becoming convinced that the main cause of her interest in this divorce action was the possibility of her losing her son and her home. She did not want a condition to arise that would make it possible for her son to marry plaintiff.

It would serve no useful purpose to review the evidence in detail. The objections of the mother to a decree of divorce, prompted no doubt by parental love, do not in our judgment show such a situation as to justify a denial of the decree of divorce.

The judgment of the district court is reversed, with directions to enter a decree in favor of the plaintiff and to preserve the settlement as provided in the original decree.

REVERSED.